2007 OK CR 4

**Bigler Jobe STOUFFER, II, Petitioner**

v.

**STATE of Oklahoma, Respondent.**

**No. PCD–2003–835.**

Court of Criminal Appeals of Oklahoma.

Feb. 22, 2007.

ORDER DENYING PETITIONER'S MO-
TION TO PROCEED PRO SE IN A
CAPITAL POST CONVICTION AP-
PEAL; ORDER DENYING COUN-
SEL'S MOTION TO WITHDRAW;
AND ORDER LIFTING STAY AND
SETTING BRIEFING SCHEDULE.

¶ 1 Petitioner, Bigler Jobe Stouffer, II,
was convicted, after a second jury trial, of
Shooting with Intent to Kill and First De-
gree Murder in Oklahoma County District
Court Case No. CRF–85–509. Stouffer re-
ceived life imprisonment and the death penal-
ty for those convictions, respectively. This
Court affirmed Stouffer's Judgment and Sen-
tence in an Opinion handed down by this
Court on November 14, 2006. *Stouffer v.
State,* 2006 OK CR 46, 147 P.3d 245. Stouf-
fer sought to represent himself in his post-
conviction appeal. The deadline for the filing
of Stouffer's post-conviction application was
stayed by this Court pending a hearing in the
district court on his application to proceed
*pro se.*

¶ 2 The District Court of Pittsburg County
held a hearing on Stouffer's motion on Sep-
tember 13, 2006, in Pittsburg County District
Court Case No. C–2005–547, before the Hon-
orable Thomas M. Bartheld, District Judge.
The trial court filed findings of fact and
conclusions of law with this Court, concluding
that Stouffer made a knowing and voluntary
waiver of counsel and could represent him-
self.[1] Counsel provided notice to this Court
regarding the outcome of the hearing, sought
to withdraw as counsel of record, and later
gave notice of rules regarding Petitioner's
request to have the legal materials trans-
ferred to him at the Oklahoma State Peniten-
tiary. This Court received the record from
the Pittsburg County District Court Clerk,
including the transcript of the hearing on
January 26, 2007.

■ ¶ 3 We have reviewed the record in
this case and have researched the law rele-
vant to self-representation on direct appeal
and in collateral attacks in post-conviction
proceedings, and, using our plenary powers
over such proceedings in this Court, conclude
that Petitioner's request to represent himself
in this proceeding should be denied. In our
effort to determine the best course of action
in this case, we rely heavily on cases involv-
ing the rights of defendants on appeal. One
of those cases, *Martinez v. Court of Appeal
of California,* 528 U.S. 152, 120 S.Ct. 684, 145
L.Ed.2d 597 (2000), which was not called to
the attention of this Court or the trial court,
makes it clear that there is no federal consti-
tutional right for a defendant to represent
himself on direct appeal. *Id.* 528 U.S. at
163–64, 120 S.Ct. at 692. In fact, the Mar-
tinez Court makes clear that a State may
require an appellant to accept, against his
will, appointed counsel without depriving the
appellant of a federal constitutional right.
*Id.*

¶ 4 *Martinez* does not preclude a State
appellate court from allowing defendants to
represent themselves in the appeal of a crim-
inal conviction either under State law
grounds or State court procedural rules.
While this Court provides the procedure for
a defendant to seek self-representation on
direct appeal, there is no corresponding pro-
vision for capital post-conviction applicants.
*See* Rule 1.16, *Rules of the Oklahoma Court*

---

1. We recognize the Honorable Thomas M. Bar-
theld, District Judge of Pittsburg County, for the
tremendous work he has done in this matter with
little guidance.

*of Criminal Appeals*, Title 22, Ch. 18, App. (2007).

¶ 5 We further find that there is no provision in the Oklahoma Constitution requiring this Court to allow a defendant to represent himself in a capital post-conviction proceeding. In conclusion, we find no State law grounds requiring this Court to allow Petitioner to represent himself in this post-conviction appeal. As a matter of public policy we find that any interest Petitioner has in representing himself is far outweighed by the interest the State has in requiring him to accept representation by an attorney schooled in the complexities of collateral capital post-conviction appeals.[2]

¶ 6 By their nature, post-conviction appeals, as collateral proceedings, require extra-record investigation and review. The limited grounds for review under the Post–Conviction Procedure Act require a person schooled in the law to determine and fashion arguments which fit within the statutory limits. *See* 22 O.S.2001, §§ 1080 and 1089. A person schooled in the law is better able to fashion arguments which overcome procedural bars present in collateral appeals.

¶ 7 Furthermore, the logistics of Petitioner's incarceration make it almost impossible for him to present a collateral attack on his Judgment and Sentence, because he is unable to investigate "newly discovered evidence" or claims of ineffective trial or direct appeal counsel—all of which must be and can be investigated by the lawyers and investigators of the Oklahoma Indigent Defense System; the agency charged with representing all indigent capital post-conviction applicants. *See* 22 O.S.2001, § 1089(B). Our decision is driven by a desire to best meet the interests of Petitioner as well as the State. No one can deny that Petitioner is represented by extremely competent and experienced counsel, backed by a whole agency, which in the experiences of this Court, without doubt, has Petitioner's best interests in mind. Representation by trained appellate post-conviction counsel is of distinct benefit to Petitioner as

well as this Court. *See Fudge v. State*, 341 Ark. 652, 19 S.W.3d 22, 22 (2000).

¶ 8 In holding that Petitioner may not represent himself in this capital post-conviction proceeding, we also hold that appointed counsel's September 15, 2006, motion to withdraw, which was based on the trial court's findings after the hearing on Petitioner's motion to proceed *pro se*, is denied. We further order that the previous stay of the post-conviction application filing deadline shall be lifted, and counsel shall have ninety (90) days from the date of this Order within which to file Appellant's application for post-conviction relief.

¶ 9 **THEREFORE,** Petitioner's application to proceed *pro se* is **DENIED;** and Petitioner's post-conviction counsel's motion to withdraw is **DENIED.** The stay previously entered is lifted, and the application for post-conviction relief shall be filed within ninety (90) days of the date of this Order. The Clerk of this Court is directed to forward a copy of this Order to the District Courts of Pittsburg and Oklahoma Counties and the respective parties.

¶ 10 **IT IS SO ORDERED.**

¶ 11 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 21st day of February, 2007.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

/s/ David B. Lewis
DAVID B. LEWIS, Judge

---

2. Our ruling today does not preclude Petitioner from filing *pro se* supplemental propositions of error as this Court's rules provide a vehicle by which *pro se* legal arguments may be submitted to this Court. See Rule 3.4(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2007).